JOHN C. CRUDEN
Assistant Attorney General
Environment & Natural Resources Division
United States Department of Justice
CYNTHIA J. MORRIS
AUSTIN D. SAYLOR
ELIZABETH B. DAWSON
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
(202) 616-7554 (Morris)
(202) 514-2219 (Saylor)
(202) 514-8293 (Dawson)

MICHAEL C. ORMSBY
United States Attorney
Eastern District of Washington
VANESSA WALDREF
Assistant United States Attorney
920 West Riverside Ave., Suite 300
Spokane, WA  99201
(509) 353-2767

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, | NO.  4:15-cv-05087 |
| Plaintiff, | UNITED STATES' ANSWER |
| v. | |
| ERNEST J. MONIZ, Secretary of the United States Department of Energy, the UNITED STATES DEPARTMENT OF ENERGY, and WASHINGTON RIVER PROTECTION SOLUTIONS LLC, | |
| Defendants. | |

Defendants the United States Department of Energy and Ernest J. Moniz, in his official capacity as Secretary of the United States Department of Energy (collectively, "DOE"), respond to the "Complaint for Declaratory and Injunctive Relief" filed by the State of Washington ("Plaintiff") on September 2, 2015 (ECF No. 1). The section headings and numbered paragraphs below correspond to the headings and numbered paragraphs in Plaintiff's Complaint. DOE denies all allegations of the Complaint, whether express or implied, that are not specifically admitted.

## I.    NATURE OF ACTION

1.    The allegations in Paragraph 1 constitute legal conclusions and argument of Plaintiff's legal theory and/or characterization of its case and therefore no response is required.  To the extent a response is required, the allegations of this paragraph are denied.

## II.    JURISDICTION

2.    The allegations in Paragraph 2 constitute legal conclusions, to which no response is required.

3.    The allegation in Paragraph 3 constitutes a legal conclusion, to which no response is required.

4.    The allegations in Paragraph 4 constitute legal conclusions to which no response is required.

5.    With respect to allegations in the first sentence of Paragraph 5, DOE admits only that the Washington State Attorney General's Office provided DOE with a letter dated November 19, 2014, stating Plaintiff's intent to file suit.  The referenced letter speaks for itself and is the best evidence of its content. The second sentence of Paragraph 5 constitutes a legal conclusion, to which no response is required.

6.    With respect to the first sentence in Paragraph 6, DOE admits only that more than 90 days have passed since the Washington State Attorney General's Office sent its RCRA notice of intent to file suit to Defendants. The allegations in the second sentence of Paragraph 6 are denied.

7.    DOE admits the allegations in Paragraph 7.

### III.    VENUE

8.    With respect to the allegations in Paragraph 8, DOE admits only that the Hanford Site is located within the judicial district of the Eastern District of Washington.  The remaining allegations in Paragraph 8 constitute legal conclusions to which no response is required.

### IV.    PARTIES

9.    DOE admits only that Plaintiff is the State of Washington. The second sentence of Paragraph 9 constitutes a legal conclusion to which no response is required. With respect to the first sentence of Paragraph 9(a) DOE admits only

that EPA has authorized the State to administer RCRA within State boundaries. The remaining portion of the first sentence of Paragraph 9(a) constitutes a legal conclusion to which no response is required. With respect to the second and third sentences of Paragraph 9(a), DOE admits only that Defendants store and treat "mixed waste" at the Hanford Site, meaning that it contains both a hazardous chemical component and a radioactive component. The remainder of Paragraph 9(a) constitutes legal conclusions to which no response is required. DOE is without sufficient knowledge or information to admit or deny the allegations in the first sentence of Paragraph 9(b).  DOE denies the allegations in the second sentence of Paragraph 9(b).  With respect to the allegations in the third sentence of Paragraph 9(b), DOE is without sufficient information to admit or deny the State's interest and on that basis denies the allegations.

10.     DOE admits the allegations in Paragraph 10.

11.     With respect to the allegation in the first sentence of Paragraph 11, on information and belief, DOE admits only that Defendant WRPS is a Limited Liability Company organized under the laws of the State of Delaware. DOE admits the second and third sentences of Paragraph 11.

## V.     FACTS

**A. The Hanford Site and the Tank Farms**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

12.    With respect to the allegations in the first sentence of Paragraph 12, DOE admits only that the Hanford Site is located in south-central Washington and the approximate extent of the facility is 586 square miles.  With respect to the second sentence in Paragraph 12, DOE admits only that the United States produced plutonium at the Hanford site for use in nuclear weapons.  DOE denies the remaining allegations in the second sentence of Paragraph 12. With respect to the third sentence in Paragraph 12, DOE admits only that plutonium production and other activities at Hanford created radioactive, hazardous, and "mixed waste," meaning waste that contains both a hazardous chemical component and a radioactive component.  DOE denies the remaining allegations in the third sentence of Paragraph 12.  With respect to the last sentence in Paragraph 12, DOE admits only that waste remains at the Hanford Site today, awaiting treatment and/or disposal.  The remaining allegations in the last sentence of Paragraph 12 are denied.

13.    With respect to the allegations in the first sentence of Paragraph 13, DOE admits only that the Hanford Site includes 177 underground storage tanks that store approximately 56 million gallons of mixed radioactive and hazardous waste.  DOE denies the remaining allegations in the first sentence. With respect to the second sentence of Paragraph 13, DOE admits only that the waste storage tanks range in size from approximately 55,000 gallons to 1,100,000 gallons. The

third sentence Paragraph 13 constitutes a legal conclusion to which no response is required.

14.    With respect to the allegations in the first sentence of Paragraph 14, DOE admits only that sodium hydroxide and sluicing are used to remove hardened waste in some of the underground storage tanks at Hanford.  The remaining allegations in the first sentence of Paragraph 14 are denied.  DOE admits the allegations second and third sentences of Paragraph 14.

15.    DOE admits the allegations in the first, second, third and fourth sentences in Paragraph 15. With respect to last sentence in Paragraph 15, DOE admits only that chemical liquids were routed from processing facilities to storage tanks located in the tank farms.  The remaining allegations in the last sentence of Paragraph 15 are denied.

16.    DOE admits the allegations in the first sentence in Paragraph 16.  The allegations in the second sentence of Paragraph 16 are vague and ambiguous with respect to the alleged identification of tanks as "unfit for use".  To the extent the alleged identification is in a document, that document would speak for itself and be the best evidence of its content.  The remainder of the allegations in Paragraph 16 constitute legal conclusions to which no response is required.

17.    With respect to the first sentence in Paragraph 17, DOE admits only that certain employees of WRPS, Energy, or as contracted workers, work in the 200

Area where the tank farms are located.  With respect to the allegation in the second sentence of Paragraph 17, DOE admits only that some of these workers are involved in "retrieving" waste from the single-shell tanks and transferring the waste to double-shell tanks.  The remainder of the allegation in the second sentence of Paragraph 17 constitutes a legal conclusion to which no response is required.  DOE admits the third sentence and fourth sentences of Paragraph 17. DOE denies the allegations in the remainder of Paragraph 17.

**B. Hanford's Tank Waste and Tank Vapors**

18.     With respect to the allegations in the first sentence of Paragraph 18, DOE admits only that the chemical waste in some of the Hanford underground storage tanks consists of varying mixtures of liquids, solids (including saltcake and sludge), and vapors. DOE admits the allegations in the second sentence of Paragraph 18. With respect to the third sentence in Paragraph 18, DOE admits only that these reactions may result in the production of gases or vapors in certain tanks.  DOE denies the remaining allegations in the last sentence of Paragraph 18.

19.     With respect to the allegations in Paragraph 19, DOE admits only that over 1,500 different chemicals have been detected or theorized to exist in the vapors contained collectively among the headspaces certain Hanford tanks, and that the chemicals may include hydrogen, ammonia, mercury, N-

nitrosodimethylamine, 2-nitrosamines, and volatile organic compounds. DOE denies the remaining allegations in Paragraph 19, including any implication that all 1,500 chemicals have been detected in any one tank.

20.    DOE is unable to admit or deny the allegations of Paragraph 20 because the allegations are vague with respect to any specific chemical and the presumed exposure duration and the specific concentration of the unidentified chemical that is alleged to potentially lead to various adverse health effects. DOE admits only that exposure to certain chemicals at sufficient concentration and for a sufficient duration may potentially lead to some adverse health effects which may include those identified in Paragraph 20. DOE denies the remainder of the allegations in Paragraph 20.

21.    With respect to the first sentence of Paragraph 21, DOE admits only that Hanford's single-shell and double-shell tank ventilation systems are designed to prevent the build-up of excess flammable gases in the tanks' headspace that could pose potentially serious safety consequences. DOE denies the remaining allegations in the first sentence of Paragraph 21. With respect to the second sentence of Paragraph 21, DOE admits only that neither the single-shell nor the double-shell tanks are equipped with systems or filters designed to capture or remove the chemical components of vented vapors. DOE denies the remaining allegations in this sentence.

22.    With respect to the first sentence of Paragraph 22, DOE admits only that the twenty-eight double-shell tanks are fitted with active ventilation systems. DOE denies the remaining allegations in the first sentence of Paragraph 22. With respect to the second sentence of Paragraph 22, DOE admits only that the active ventilation systems have HEPA filters and exhausters, which ventilate the headspace. DOE denies the remaining allegations in the second sentence of Paragraph 22. DOE admits the third sentence of paragraph 22. With respect to the allegations in the fourth sentence of Paragraph 22, DOE admits only that HEPA filters remove particulates (radioactive and toxic) prior to venting, but do not remove all chemical vapors. DOE denies any remaining allegations in the fourth sentence of Paragraph 22.

23.    With respect to the first sentence of Paragraph 23, DOE admits only that generally, unlike the chemical vapors in the double-shell tanks, the vapors in the single-shell tanks are passively vented unless the waste is being actively retrieved. DOE denies the remaining allegations in the first sentence of Paragraph 23. With respect to the second sentence of Paragraph 23, DOE admits only that the single-shell tanks may allow chemical vapors to escape through vents that have HEPA filters. DOE denies the remaining allegations in the second sentence of Paragraph 23. DOE denies the allegations contained in the third sentence of Paragraph 23. With respect to the fourth sentence of

Paragraph 23, DOE admits only that under certain atmospheric conditions, passive tank headspace releases are potentially closer to the workers' breathing zones as compared to active ventilation, and denies the remaining allegations in the sentence.

24.    With respect to the first sentence of Paragraph 24, DOE admits only that in addition to the release of vapors through active or passive venting of the tanks, chemical vapors can leak through other openings/leakage pathways connected to the tanks.  DOE denies the remaining allegations in the first sentence of Paragraph 24.  With respect to the allegations in the second sentence of Paragraph 24, DOE admits only that, for example, chemical vapors from the tanks and tank systems can leak out from the concrete-lined pits in which the tanks sit, electrical cabinets, breather filters, unsealed tank penetration areas, and breaks in containment. The remaining allegations in the second sentence of Paragraph 24 are denied. The allegations contained within the last sentence of Paragraph 24 regarding unidentified "individuals in the 200 Area" and unspecified "risk" are too vague and ambiguous to admit or deny and on that basis are denied.

25.    The allegations contained within the first sentence of Paragraph 25 regarding unidentified "individuals in the 200 Area" and unspecified levels of "exposure" are too vague and ambiguous to admit or deny and on that basis are

denied.  On information and belief, DOE denies the allegations contained in the second sentence of Paragraph 25.

26.    W. DOE denies the allegations in the first sentence of Paragraph 26.  With respect to the second sentence in Paragraph 26, DOE lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations.

## C.  Hanford's Tank Vapor Investigations/Studies

27.    With respect to the first sentence of Paragraph 27, DOE admits only that there are reported worker vapor exposure events dating back to the late 1980s. Any remaining allegations in the first sentence of Paragraph 27 are denied. DOE admits the second sentence of Paragraph 27. With respect to the remaining allegations contained in Paragraph 27, the referenced report speaks for itself and is the best evidence of its contents.

28.    DOE denies the allegations in Paragraph 28.

29.    DOE admits only the allegations contained within the first and second sentences of Paragraph 29. With respect to the remaining allegations contained in Paragraph 29 and subsections (a) through (h), the referenced report speaks for itself and is the best evidence of its contents.

30.    DOE denies the allegations in Paragraph 30.

31.     With respect to the allegations contained within the first sentence of Paragraph 31, DOE admits only that WRPS asked the Savannah River National Laboratory to assemble a team of experts, the Hanford Tank Vapor Assessment Team, to perform a review of the chemical vapors program at the Hanford tank farms.  The remainder of the allegations in the first sentence of Paragraph 31 are denied.  DOE admits the allegations contained in the second sentence of Paragraph 31.  With respect to third sentence in Paragraph 31, DOE admits only that the 2014 report was funded by the U.S. Government.  The remaining allegations in the third sentence of Paragraph 31 are denied. With respect to the remainder of allegations contained in Paragraph 31, and subsections (a) through (c), the referenced report speaks for itself and is the best evidence of its contents.

32.     With respect to the allegations contained in Paragraph 32, and subsections (a) through (j), the referenced report speaks for itself and is the best evidence of its contents.

33.     DOE denies the allegations contained in Paragraph 33.

## VI.        CLAIMS FOR RELIEF- RCRA CITIZEN SUIT

34.     DOE incorporates its responses to paragraphs 1-33 above.

35.     The allegations in Paragraph 35 constitute legal conclusions to which no response is required.

36.    The allegation in Paragraph 36 constitutes a legal conclusion to which no response is required.

37.    The allegations in Paragraph 37 constitute legal conclusions to which no response is required.

38.    The allegations in Paragraph 38 constitute legal conclusions to which no response is required.

39.    The allegations in Paragraph 39 constitute legal conclusions to which no response is required.

## VII.    RELIEF REQUESTED

DOE denies that the State is entitled to the relief requested in Section VII, Paragraphs A-E.

### DEFENSES

### FIRST DEFENSE

The Court lacks subject matter jurisdiction over some or all of Plaintiff's Complaint.

### SECOND DEFENSE

Plaintiff's Complaint should be dismissed, in whole or in part, for failure to state a claim upon which relief can be granted.

1

2  DATED: December 7, 2015

3                                      Respectfully Submitted,

4                                      JOHN C. CRUDEN
5                                      Assistant Attorney General
                                       Environment & Natural Resources Division
6                                      United States Department of Justice

7                                      MICHAEL C. ORMSBY
8                                      United States Attorney
                                       Eastern District of Washington
9
10                                     s/ *Cynthia J. Morris*
                                       CYNTHIA J. MORRIS
11                                     AUSTIN D. SAYLOR
                                       Environmental Defense Section
12                                     P.O. Box 7611
                                       Washington, D.C. 20044
13                                     (202) 616-7554 (Morris)
14                                     (202) 514-1880 (Saylor)

15                                     VANESSA WALDREF
16                                     Assistant United States Attorney
                                       920 West Riverside Ave., Suite 300
17                                     Spokane, WA  99201
                                       (509) 353-2767
18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE

I hereby certify that on December 7, 2015, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record in this action.


s/ *Cynthia J. Morris*
Cynthia J. Morris